IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| QUENTIN FIELDING, | § | |
| PRISONER NO. 0966097, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-cv-451-P |
| | § | |
| TARRANT COUNTY DEPARTMENT | § | |
| OF PUBLIC SAFETY, et al. | § | |

**DEFENDANT OFFICER J. BOULDIN'S
MOTION TO QUASH SUMMONS, ALTERNATIVE
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM,
AND BRIEF IN SUPPORT THEREOF**

Pursuant to Rules 12(b)(4), (5), and (6) of the Federal Rules of Civil Procedure, Officer J. Bouldin (Badge #3714) moves to quash the summons served on him and alternatively to dismiss with prejudice all of Plaintiff's claims against him. He would respectfully show the Court the following:

**I.  SUMMARY**

In response to the Court's screening questionnaire in this case, Plaintiff stated unequivocally that he is suing Officer Bouldin in his *official* capacity. Because Plaintiff's pleading is not ambiguous as to the capacity in which he is suing Officer Bouldin, his express declaration as to the capacity issue is controlling. Plaintiff's only remaining claim in this case, therefore, is actually against the City of Fort Worth, Bouldin's governmental employer. It is too late to add new parties at this point, as the applicable statute of limitations has now run. Plaintiff cannot, therefore, properly be allowed to amend to add claims against Bouldin in his individual capacity.

Bouldin was served with a summons on November 21, 2022. It was directed to "Officer J. Bouldin." To the extent the summons might work to confer personal jurisdiction over him in his individual capacity, he moves to quash the summons, as he has not been named by Plaintiff as a party to this action in his individual capacity. To the extent the summons is intended to confer jurisdiction as to the official capacity claims, Officer Bouldin is not a proper agent for service as to City of Fort Worth. Bouldin thus moves to quash the summons and its service on him.

Alternatively, because Plaintiff's allegations are insufficient to state a claim against the City or to overcome his individual entitlement to qualified immunity, Plaintiff's only remaining claims should be dismissed with prejudice.

## II.  PLAINTIFF'S PLEADINGS AND THE COURT'S ORDERS

Plaintiff filed this civil rights action pro se on May 26, 2022. ECF No. 1. He complains about his arrest on October 21, 2020, during which he claims he was subjected to excessive force when he was bitten by a police canine. ECF Nos. 1, 8, 9.[1] On September 19, 2022, this Court issued an Order pursuant to the authority of "28 U.S.C. §§ 1915A and 1915(e)(2)(B)," requiring Plaintiff to answer a questionnaire. ECF No. 7. Among other questions, the Court specifically asked Plaintiff the following: "List which officers were involved in the alleged incident. *Are you suing them in their individual or official capacities or both? Be specific."* ECF No. 7 at 2 (question no. 3) (emphasis added).

---

[1] Officer Bouldin denies the allegations as presented by Plaintiff, but for purposes of this motion, Plaintiff's well-pleaded factual allegations will be accepted as true.

Plaintiff filed two documents in response to the Court's questionnaire. ECF Nos. 8 and 9. With respect to the Court's Question No. 3, in the first document, Plaintiff states that he is suing a number of police officers, including Officer Bouldin. ECF No. 8 at 2-3. He then states, "I will be suing all officers under their official capacities." *Id.* In the other document, Plaintiff more succinctly states, "I'm suing [a list of officers, including Bouldin] in there [sic] official capacities for excessive force . . . ." ECF No. 9 at 1. Nowhere in either document (nor in his original complaint) does Plaintiff claim to be suing any defendant in his or her individual capacity, and nowhere does he claim that he is suing any defendant in both their official and individual capacities. He plainly and repeatedly states that he suing all defendants in their "official" capacities.

As for other factual allegations, Plaintiff claims that at 2:20 in the morning he was walking near the scene of a robbery of a cash store and that he was a suspect. ECF No. 8 at 2. When he saw the police searching the area, he admits he jumped a fence and hid in a back yard of a home in the area. *Id.* He claims that he heard police yelling in the area and admits that he never responded to their yells or otherwise revealed his hidden location. *Id.* When police finally found him, he claims that Officer Bouldin caused a K-9 to bite his foot despite his surrendering by holding up his hands. *Id.*

After reviewing the filings, the Court issued an order dismissing all of Plaintiff's claims but one. ECF No. 10. The Court recognized that official capacity claims are really claims against the City. *Id.* The Court recognized that Plaintiff pleaded his allegations almost entirely in conclusory fashion. *Id.* But with respect to allegations that Officer Bouldin caused him to be bitten by a police canine, the Court determined

that "giving Plaintiff the benefit of the doubt" he has pleaded enough to proceed with his claim against "Officer Bouldin." *Id.* at 3-4. The Court, however, did not expressly state whether the claim that is being allowed to proceed against "Officer Bouldin" is against Bouldin in his individual or official capacity. But, again, the Court did acknowledge that Plaintiff stated he was suing all named defendant officers in their "official capacities." *Id.* at 2.

The Court entered final judgment as to all claims against all defendants except the one excessive force claim against "Officer Bouldin." *See* ECF Nos. 10, 11, 12.

### III.  ARGUMENT AND AUTHORITIES

**A.   Rule 12 motions are proper despite the Court's prior screening.**

The Court has screened Plaintiff's pro se claims pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2). ECF Nos. 4, 7, 10, 11. The Court has determined that Plaintiff failed to state a claim as to all defendants, except one, and entered a partial final judgment dismissing all those claims and defendants. ECF No. 11. The Court allowed the case to proceed as to an excessive force allegation against Officer Bouldin and directed that a summons be issued and served on Bouldin. ECF No. 12.

Now that Officer Bouldin has been served with a summons, he hereby presents his motion to quash and, alternatively, to dismiss pursuant to Rules 12(b)(4), (5), and (6). Courts recognize that even though the Court has engaged in § 1915 screening, defendants may still assert motions to dismiss because they have the right to present their own arguments as to why dismissal may be proper and, in the case of defendants entitled to assert qualified immunity, they may advance that defense at the motion to

dismiss stage, shifting the burden to the plaintiff to overcome their immunity. *See, e.g. Santos v. La. Dep't of Corr. Sec'y Orleans Par. Crim. Sheriff*, No. CIV. A. 95-4215, 1996 WL 89260, at *1 (E.D. La. Feb. 28, 1996) ("thus if an in forma pauperis claim survives dismissal under § 1915 (d), it may still be dismissed under Rule 12(b)(6)); *see also Wiggins v. Universal Prot. Servs.*, No. CV 20-5617, 2022 WL 493410, at *5 (E.D. Pa. Feb. 17, 2022), *aff'd sub nom. Wiggins v. Universal Prot. Servs. LLC*, No. 22-1491, 2022 WL 4116912 (3d Cir. Sept. 9, 2022) ("A court's initial review, and acceptance, of a complaint during the § 1915A 'screening' does not preclude a later dismissal of that complaint under Fed. R. Civ. P. 12(b)(6). Rather, a defendant retains the right to file a well-reasoned and supported motion to dismiss, which may be granted upon consideration of all arguments by the parties."); *McDaniel v. Lizarraga*, No. 219CV1136JAMKJNP, 2022 WL 1570936, at *9 (E.D. Cal. May 18, 2022), report and recommendation adopted, No. 219CV1136JAMKJNP, 2022 WL 2954371 (E.D. Cal. July 26, 2022) (citing cases) ("On screening, a court's determination that a complaint may state cognizable claims does not preclude a defendant from subsequently bringing a motion to dismiss one or more of those claims under Federal Rule of Civil Procedure 12(b)(6)."); *Doscher v. City of Tumwater*, No. 3:22-CV-05340-RJB, 2022 WL 3867365, at *2 (W.D. Wash. Aug. 30, 2022) ("While Leal states that the standard for dismissal under 28 U.S.C. § 1915A is the same as under Rule 12(b)(6), it does not establish that screening under § 1915A precludes a defendant from bringing a motion to dismiss."); *Joseph v. Castillo*, No. 20CV3957PKCJRC, 2022 WL 4485061, at *1 (E.D.N.Y. Sept. 27, 2022) ("Although it previously declined to dismiss Plaintiff's claim against Defendant

Castillo sua sponte pursuant to 28 U.S.C. § 1915A, the Court may 'review the claim for facial plausibility following a properly filed motion to dismiss under Rule 12(b)(6).'").

**B. The claims are against Bouldin in his official capacity only**.

The Fifth Circuit recognizes that when a complaint is "unclear" as to the capacity in which a defendant is being sued, courts may look to the course of proceedings in order to determine in what capacity the plaintiff intended to sue the defendant. *U.S. ex rel. Adrian v. Regents of Univ. of California*, 363 F.3d 398, 402 (5th Cir. 2004). But that analysis is applicable only where the pleading is unclear or ambiguous as to capacity. *Id.* (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985) ("In many cases, the complaint will not clearly specify whether officials are sued personally, in their official capacity, or both. 'The course of proceedings' in such cases typically indicate the nature of the liability sought to be imposed.")).

But nothing about capacity is unclear here. Here, the Court expressly asked Plaintiff to state the capacity in which he sues the defendants and expressly suggested he may answer "individual or official capacities or both." ECF No. 7 at 2. Twice Plaintiff expressly answered that he is suing the officers, including Bouldin, in their "official capacities." ECF No. 8 at 2-3; ECF No. 9 at 1. That answers the capacity question, and there is no ambiguity. Bouldin has been sued in his official capacity only.

"Because Plaintiff expressly stated that he sues the individuals in their official capacities, it is not necessary to examine the course of proceedings to determine the capacity in which he sues them." *Bell v. Dallas Cnty. Sheriff's Dep't*, No. 3:16-CV-3415-L-BH, 2019 WL 4418227, at *2 (N.D. Tex. Aug. 19, 2019), report and

recommendation adopted, No. 3:16-CV-3415-L, 2019 WL 4412740 (N.D. Tex. Sept. 13, 2019); *see also Dixon v. Lewis*, No. 6:20-CV-16, 2021 WL 123396, at *3 (S.D. Ga. Jan. 12, 2021), report and recommendation adopted, No. 6:20-CV-16, 2021 WL 411507 (S.D. Ga. Feb. 5, 2021) ("Because Plaintiff expressly limited his claims against Defendants to claims against those individuals in their official capacities, doc. 1 at 11, Plaintiff's claims are due to be dismissed in their entirety."); *Walton v. Collins*, No. 4:16CV180, 2017 WL 1217215, at *3–4 (E.D. Va. Mar. 31, 2017) ("Accordingly, because there is no 'ambiguity or silence as to what capacity [Defendants are] being sued in, the Court will not examine the nature of [Plaintiff']s claims, the relief sought, and the course of proceedings' to determine the capacity.").

Plaintiff has expressly sued Defendant Bouldin in his official capacity only.

**C.  Motion to Quash**

To the extent that service of the summons on Bouldin may potentially invoke personal jurisdiction over Bouldin in his individual capacity, he moves to quash the summons issued on him and to dismiss the complaint, pursuant to rules 12(b)(4), (5). Plaintiff has the burden to demonstrate that service was proper, and if he fails to carry his burden, any proceedings against Bouldin are "void." *Thomas v. New Leaders for New Sch.*, 278 F.R.D. 347, 350 (E.D. La. 2011) (citing *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design,* 635 F.2d 434, 435 (5th Cir. 1981)).

Rule 4 of the Federal Rules of Civil Procedure governs the contents, issuance, and service of summonses. Its very first mandate is that a summons must name the *"parties"* and be directed to a *"**defendant**."* Fed. R. Civ. P. 4(a) (emphasis added).

Here, Bouldin, *individually*, is not a named defendant as discussed above so any service on him in his individual capacity would be void.

To the extent the summons is on Bouldin in his official capacity only, it is insufficient as the actual defendant in that case would be the City of Fort Worth, and Defendant Bouldin as an officer-rank employee of the police department is not authorized to receive or accept service on behalf of the City of Fort Worth.

For these reasons, Defendant asks that the summons served on him be quashed.

**D.    Motion to Dismiss**

Alternatively, should the Court find the summons and service on Bouldin to have been adequate, he hereby moves to dismiss all claims against him. As discussed above, the only remaining claim in this case has been asserted by Plaintiff against Defendant Bouldin only in his official capacity. As this Court has already recognized, a claim against a governmental official in his official capacity is really simply a claim against the official's governmental employer, here the City of Fort Worth. ECF No. 10 at 2 (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)). Accordingly Defendant Bouldin as an individual defendant should be dismissed from the case.

To the extent the Court may find that Bouldin has properly been served in his official capacity so as to acquire personal jurisdiction over the City of Fort Worth, the claim against the City (through Bouldin in his official capacity) fails on its face. As the Court has already recognized, there is no vicarious or *respondeat superior* liability in a case such as this, and Plaintiff has not pleaded any facts sufficient to identify any potential policymaker, any applicable policy, practice, or custom, nor facts sufficient

to suggest that any such policy, practice, or custom was the driving force of any claimed violation set forth in his pleadings. *See* ECF No. 10 at 3 (citing *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). For these reasons the claims against Officer Bouldin should be dismissed with prejudice.

Finally, without waiving his arguments set forth above that he has neither been sued nor properly served as a defendant in his individual capacity, to the extent he may be found to have been sued in his individual capacity, Officer Bouldin hereby asserts his entitlement to qualified immunity from any claims Plaintiff has asserted against him, and it becomes Plaintiff's burden to overcome Bouldin's qualified immunity by demonstrating that any claimed action of Bouldin's violated some clearly established constitutional right of Plaintiff's at a sufficiently factually specific level. *Rivas-Villegas v. Cortesluna*, 142 S. Ct. 4, 211 L. Ed. 2d 164 (2021) ("Even assuming that controlling Circuit precedent [can] clearly establish[] law" it is the plaintiff's burden "to identify a case that put[s] [a defendant] on notice that his specific conduct was unlawful."); *Carswell v. Camp*, 37 F.4th 1062, 1066 (5th Cir. 2022).

Here, although Bouldin would contest the factual allegations as set forth by Plaintiff, even accepting them as true, Plaintiff has shown nothing more than officers responded to a fleeing felon at night, who admittedly ran and hid from officers, and that a police dog bit him on his foot once officers finally located him. He has not pleaded facts sufficient to suggest that any officer, much less Bouldin, should have instantaneously known to accept any suggested surrender by Plaintiff under those circumstances at face value and refrain from using any force whatsoever before

weapons were searched for and Plaintiff was safely secured. *See, e.g.*, *Henderson v. Harris Cnty., Texas*, 51 F.4th 125, 135 (5th Cir. 2022) ("As illustrated in *Escobar* . . ., and as we explained in *Salazar*, 'a suspect cannot refuse to surrender and instead lead police on a dangerous hot pursuit—and then turn around, appear to surrender, and receive the same Fourth Amendment protection from intermediate force he would have received had he promptly surrendered in the first place.'"); *Escobar v. Montee*, 895 F.3d 387, 395 (5th Cir. 2018) ("Given the information from Escobar's mother and the nature of the chase [at night, through multiple backyards in a residential neighborhood], Montee had reason to doubt the sincerity of Escobar's surrender.").

Because Plaintiff cannot meet his burden to overcome Bouldin's entitlement to qualified immunity, the Court should dismiss any and all claims against him with prejudice.

## IV.  CONCLUSION AND PRAYER

For the above-stated reasons, the summons issued on Defendant Officer J. Bouldin should be quashed or the claims against him dismissed with prejudice or both. Defendant prays for all other relief to which he may be entitled.

                                              Respectfully submitted,

                                              s/ *Kenneth E. East*
                                              Kenneth E. East
                                              State Bar No. 00790622
                                              THE LAW OFFICE OF KENNETH E. EAST
                                              306 W. 7th Street, Suite 600
                                              Fort Worth, Texas 76102
                                              (817) 788-1111
                                              ken@east.law

                                              ATTORNEY FOR DEFENDANT BOULDIN