UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**QUENTIN FIELDING,**
**PRISONER NO. 0966097,**

    Plaintiff,

v.                                                           No. 4:22-cv-0451-P

**TARRANT COUNTY POLICE DEPARTMENT**
**OF PUBLIC SAFETY, ET AL.,**

    Defendants.

## ORDER OF DISMISSAL

On May 26, 2022, Plaintiff Quentin Fielding filed a complaint naming "Tarrant County Police Department of Public Safety" and Tarrant County Sheriff Bill Waybourne as Defendants. ECF No. 1. Because the complaint failed to allege sufficient facts for the Court to engage in the judicial screening required by 28 U.S.C. §§ 1915A and 1915(e)(2), the Court ordered Plaintiff to file a more definite statement, answering specific questions posed. ECF No. 7. The order required that Plaintiff submit his answers under penalty of perjury and cautioned that failure to timely and completely comply might result in the dismissal of this action without further notice. Plaintiff filed two responses to the September 19, 2022 order, ECF Nos. 8 and 9, purporting to assert claims against a number of defendants. Neither was signed under penalty of perjury as required. Nevertheless, the Court allowed Plaintiff to proceed with his claim against Officer J. Bouldin and dismissed all other claims asserted, making the dismissals final. ECF Nos. 10 and 11.

In sum, Plaintiff alleges that at 2:15 or 2:20 a.m. on October 21, 2020, there was a robbery at a check cashing store. He was passing nearby and became frightened and ran away, jumping a fence and hiding in a residential back yard. Officers tracked him down and began yelling, but Plaintiff could not understand what they were saying. He was lying on his back and when he noticed officers at the gate, he put his hands in

the air. At that point, as he was lying on his back with his hands in the air, Officer Bouldin allowed his canine to bite Plaintiff's left lower foot close to his ankle. Plaintiff says he sustained puncture wounds and fluids leaked from his injury. ECF No. 8.

Officer Bouldin has filed a motion to quash summons and, alternatively, to dismiss. ECF No. 15. Plaintiff has not filed a response, apparently conceding that the motion should be granted.

As Officer Bouldin notes, a suit against a defendant in his official capacity is really a suit against his employer. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). In this case, Plaintiff has twice stated that he intends to sue Officer Bouldin in his official capacity. ECF No. 8 at 2–3; ECF No. 9 at 1. Thus, the claims are against City of Fort Worth.[1] But a governmental entity, such as the City of Fort Worth, can be subjected to monetary damages or injunctive relief only if one of its official policies caused a person to be deprived of a federally protected right. *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). It cannot be held liable under a theory of *respondeat superior* or vicarious liability and Plaintiff has not pleaded any facts to support a claim against City of Fort Worth. And in any event, Officer Bouldin would not be the City's agent for service of process.

To the extent that Plaintiff really intended to sue Officer Bouldin in his individual capacity, Bouldin asserts his entitlement to qualified immunity. ECF No. 15 at 9. As he points out, Plaintiff has done nothing more than allege that officers responded to a fleeing felon at night, who admittedly ran and hid from officers, and that a police dog bit him on the foot once the officers located him. He has not pleaded any facts to show that Officer Bouldin should have refrained from using any force

---

[1] When a pleading is unclear or ambiguous as to the capacity in which the defendant is sued, courts look to the course of the proceedings to determine in what capacity the plaintiff intended to sue the defendant. *U.S. ex rel. Adrian v. Regents of Univ. of Cal.*, 363 F.3d 398, 402 (5th Cir. 2004) (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)). Here, Plaintiff does not contest that he sues Officer Bouldin in his official capacity, so the matter is not in question. *Id.* at 403. *See Bell v. Dall. Cnty. Sheriff's Dep't*, No. 3:16-CV-3415-L-BH, 2019 WL 4418227, at *2 n.3 (N.D. Tex. Aug. 19, 2019), *rep. and recommendation adopted*, 2019 WL 4412740 (N.D. Tex. Sept. 13, 2019).

whatsoever, much less to show that the force used was clearly excessive and clearly unreasonable. *Freeman v. Gore*, 483 F.3d 404, 416 (5th Cir. 2007). As Plaintiff admits, officers were pursuing a robber, presumably armed, in the middle of the night. He does not allege that Bouldin ordered the dog to bite him or that the dog repeatedly bit him or held him longer than it took to secure him and check for weapons. The reasonableness of the force used is to be determined from the perspective of the officer on the scene and not with the "20-20 vision of hindsight." *Mace v. City of Palestine*, 333 F.3d 621, 625 (5th Cir. 2003) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). That the officer could have handled the situation better is not a factor in the constitutional analysis. *Young v. City of Killeen*, 775 F.2d 1349, 1352–53 (5th Cir. 1985). Plaintiff has not pointed to any authority that would have given notice to Officer Bouldin that his actions violated any clearly established constitutional right. *See Rivas-Villegas v. Cortesluna*, 142 S. Ct. 4, 7–8 (2021) (to be clearly established, existing precedent must have placed the constitutional or statutory question beyond debate).

Officer Bouldin's motion to dismiss is **GRANTED** and Plaintiff's claims are **DISMISSED** pursuant to the authority of 28 U.S.C. §§ 1915A and 1915(e)(2).

**SO ORDERED** on this **3rd day** of **January 2023.**

*[signature: Mark T. Pittman]*

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE